UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAHIRA MANN, | : |
| | : |
| Plaintiff, | : Civil Action No. 14-2076 (FLW) (DEA) |
| | : |
| v. | : **REPORT AND RECOMMENDATION** |
| | : |
| DENTAL HEALTH ASSOCIATES, P.A., | : |
| | : |
| Defendant. | : |

ARPERT, Magistrate Judge

This matter comes before the Court *sua sponte* based on Plaintiff's failure to comply with certain Court Orders and otherwise prosecute this case. For the reasons set forth below, it is respectfully recommended that this matter be **DISMISSED WITH PREJUDICE**.

I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her Complaint on April 2, 2014, alleging violations of the Family and Medical Leave Act, the New Jersey Family Leave Act and the New Jersey Law Against Discrimination arising out of Plaintiff's employment with Defendant as a dental assistant. *See* Dkt. No. 1. On November 7, 2014, Swartz Swidler, LLC ("Swartz Swidler") filed a Motion to withdraw as counsel for Plaintiff. *See* Dkt. No. 10. Swartz Swidler's Motion stated that beginning around August 27, 2014, Plaintiff was unresponsive to repeated communications from her attorneys via telephone, email, regular and certified mail. Plaintiff did not file a response to Swartz Swidler's Motion. On December 17, 2014, the Court heard oral argument on Swartz Swidler's Motion to withdraw. *See* Dkt. No. 18. On December 18, 2014, the Court entered an Order granting Swartz Swidler's Motion to withdraw, allowed Plaintiff thirty days to retain new

counsel or proceed *pro se*, and scheduled a case management conference for January 29, 2015. *See* Dkt. No. 19. A copy of the Court's Order was served on Plaintiff via regular and certified mail. *See* Dkt. No. 20.

On January 29, 2015, the Court convened the scheduled case management conference and no appearance was made on behalf of Plaintiff. *See* Dkt. No. 21. On January 30, 2015, the Court entered an Order directing Plaintiff to appear before the Court on February 25, 2015, and show cause why her Complaint should not be recommended for dismissal "based on Plaintiff's failure to appear and otherwise prosecute her case." *See* Dkt. No. 22. Plaintiff did not respond to the Order to Show Cause and failed appear as ordered on February 25, 2015. *See* Dkt. No. 23. To date, Plaintiff has not entered an appearance or communicated with the Court in any way.

## II.   DISCUSSION

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case. *See* Fed. R. Civ. P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty. *Id*. Generally, in determining whether to impose an involuntary order of dismissal, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984). These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.*  No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of this matter with prejudice. The Court notes that despite being directed to do so, Plaintiff failed to oppose or respond in any way to the Court's Order to Show Cause, which threatened the possible dismissal of her action with prejudice and required Plaintiff to appear before the Court on February 25, 2015. Accordingly, for the reasons that follow, the Court finds that based on the present circumstances, the *Poulis* factors support the dismissal of this matter with prejudice.

**1. Plaintiff's Personal Responsibility**

In this case, the Court finds Plaintiff to be personally responsible for her failure to comply with the Court's Order to Show Cause and other Orders directing Plaintiff to appear. Although Plaintiff was initially represented by counsel in this action, Plaintiff's counsel made a Motion to withdraw, which Plaintiff did not oppose or respond to in any way. When the Motion to withdraw was granted on December 18, 2014, Plaintiff was allowed thirty days to obtain new counsel, after which Plaintiff would be deemed *pro se*. Plaintiff did not obtain counsel and is, therefore, proceeding *pro se*.

While Plaintiff now proceeds *pro se*, that status does not insulate Plaintiff from personal responsibility. *See, e .g. Shandex Indus. Inc. v. Vent Right Corp.,* No. 09–4148, 2011 WL 6132439, at *4 (D.N.J. Dec. 8, 2011) (holding the defendant, a *pro se* litigant, personally responsible for failure to comply with court orders and failure to appear without explanation); *Hoxworth v. Blinder, Robinson & Co., Inc.,* 980 F.2d 912, 920 (3d Cir. 1992) (noting that, as *pro se* litigants, defendants "had personal responsibility for the conduct of the litigation"). Rather, Plaintiff's *pro se* status renders her solely responsible for the prosecution and pursuit of her case. *See Balla v. Vortez,* No. 10–104, 2011 WL 1749928, at *2 (D.N.J. May 6, 2011) ("Plaintiff

chose to proceed *pro se* and, therefore, bears sole responsibility for the prosecution of his claims and compliance with the rules of discovery and this Court's orders.").

Since the withdrawal of her attorney, to which Plaintiff did not object or respond, Plaintiff has not entered an appearance otherwise responded to the Court's Order to Show Cause. Though the Court has not received any correspondence from Plaintiff in response to Swartz Swidler's Motion to withdraw or the Court's Order to Show Cause, copies of the Motion to withdraw, the Court's Order granting the Motion to withdraw and Court's Order to Show Cause were mailed to Plaintiff at her home address and there is no indication that any of the above were returned. Therefore, the Court finds that Plaintiff's failure to comply with the Orders of this Court directing Plaintiff to appear is solely attributable to Plaintiff. Accordingly, the Court finds that this factor weighs in favor of dismissal.

### 2. Prejudice to Defendant

Plaintiff's failure to comply with this Court's Orders has caused manifest injustice to Defendant. Although Plaintiff now proceeds *pro se,* her pattern of unresponsiveness predates the withdrawal of her counsel. *See* Dkt. No. 13. Despite the fact that Plaintiff initiated this action, the Court cannot discern any effort on behalf of Plaintiff to prosecute this case beyond the filing of the Complaint. This is true despite Orders from this Court requiring action of the part of Plaintiff. Plaintiff's failure participate in this matter has made it impossible for Defendant to effectively defend against Plaintiff's claims. Plaintiff's failures, and the prejudice caused to Defendant as a result of Plaintiff's failures, support the dismissal of this case with prejudice. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

### 3. History of Dilatoriness

Plaintiff has a history of dilatoriness. On two separate occasions Plaintiff failed to appear before the Court as ordered. Plaintiff did not appear for the in-person status conference on January 29, 2015, and Plaintiff again failed to appear on February 25, 2015, even though Plaintiff was warned that her failure to appear would result in the dismissal of her case. To date, the Court has not received any communication from Plaintiff or indication that she intends to prosecute her case. Plaintiff's repeated inaction and failure to comply with the Court's Orders supports the dismissal of her claims with prejudice.

### 4. Willfulness or Bad Faith

There is no indication before the Court that Plaintiff has proceeded in bad faith. However, the Court does find that Plaintiff's conduct has been willful. Plaintiff's repeated disregard of the Orders of this Court supports a finding of willfulness and supports the dismissal of Plaintiff's Complaint.

### 5. Effectiveness of Alternative Sanctions

Plaintiff's record of unresponsiveness and failure to participate in this matter, despite Orders from this Court directing her to do so, suggests that alternative sanctions would be futile. Despite being instructed to appear before the Court for an in-person status conference on January 29, 2015, Plaintiff failed to do so without providing any explanation or justification for that failure to the Court. Moreover, even after being directed by the Court that a failure to appear before the Court on February 25, 2015, and respond to the Court's Order to Show Cause would result in this dismissal of her case, Plaintiff again failed to appear or communicate with the Court in any way. Accordingly, the Court finds that alternative sanctions would not be effective *See Williams v. Sullivan,* No. 08–1210, 2011 WL 2119095, at *8 (D.N.J. May 20, 2011), *adopted by,*

2011 WL 2112301 (D.N.J. May 25, 2011), *aff'd,* 506 F. App'x 156 (3d Cir.2012) (concluding that, "alternative sanctions would not prompt [p]laintiff to comply with his discovery obligations given his refusal to comply thus far even after being placed on notice that sanctions may be imposed.").

### 6. Meritoriousness of the Claims

In addressing the meritoriousness of a pleading, courts generally consider whether "the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis,* 747 F.2d at 869–70. A court, however, is not required to "balance both parties' claims and defenses" or to "have a mini-trial before it can impose a default." *Hoxworth,* 980 F.2d at 922. At this juncture, the Court does not have a sufficient factual record to evaluate the meritoriousness of Plaintiff's claims. Accordingly, this factor is neutral.

"*Poulis* requires the District Court only to balance the six factors and does not set one factor forth as determinative.' " *See Williams,* 2011 WL 2119095, at *8 (quoting *Chiarulli,* 2010 WL 1371944, at *4). In this case, the Court finds that, on balance, the *Poulis* factors warrant dismissal of Plaintiff's Complaint. Notwithstanding Plaintiff's voluntary filing of this case, Plaintiff has failed to pursue her case or participate in this matter in any way. Plaintiff's repeated failure to appear or respond to the Orders of this Court demonstrates a pattern of non-compliance with the Court's Orders, a failure to prosecute this matter, which Plaintiff initiated, and an utter disregard of her obligations to this Court. As a result, this Court respectfully recommends that this action be dismissed with prejudice.

### III.   CONCLUSION

For the reasons set forth above;

**IT IS** on this 4th day of May, 2015,

**RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation; and it is further

**ORDERED** that the Clerk shall serve a copy of this Report and Recommendation on Plaintiff, by mail, at her home address.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge